898 F.2d 154
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Kenneth Wayne LOGSDON, Plaintiff-Appellant,
v.
Al C. PARKE, Warden; G. Bently, Lt.; Jeanette Rucker;
Kevin Shake; John T. Wigginton; Wayne C. Dunn; Duane
Hall, Sgt.; Lawrence Collins, Sgt.; Billy G. Wellman;
John Doe, (inmate known as "Red"); Tommie Lipscomb, Lt.;
Larry Chandler, Lt.; B.J. Robinson, Captain; Brereton
Jones, Lt. Governor, Defendants-Appellees.
 No. 89-6159.
 United States Court of Appeals, Sixth Circuit.
 March 21, 1990.
 
 Before WELLFORD and DAVID A. NELSON, Circuit Judges, and LIVELY, Senior Circuit Judge.
 
 ORDER
 
 1
 This pro se Kentucky prisoner appeals the district court's summary judgment dismissing his civil rights complaint filed under 42 U.S.C. Sec. 1983. The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. The panel unanimously agrees that oral argument is not necessary. Fed.R.App.P. 34(a).
 
 
 2
 Kenneth Logsdon alleged that defendants, prison administrators and corrections officers, denied him his due process rights by mishandling his institutional appeal of disciplinary charges. He also alleged that defendants placed his life in danger because they filed disciplinary charges against him only to coerce him to become a confidential informant. He alleged that defendants Jones and Wellman conspired with other defendants to deny him his rights. Logsdon sought monetary, declaratory, and injunctive relief.
 
 
 3
 The district court dismissed claims against Jones and Wellman as frivolous under 28 U.S.C. Sec. 1915(d). The district court dismissed Robinson as a defendant after review of this defendant's motion to dismiss for failure to state a claim under Fed.R.Civ.P. 12(b)(6). Remaining defendants filed a motion for summary judgment which the district court granted.
 
 
 4
 Logsdon requests the appointment of counsel on appeal. Appellees Jones and Wellman have filed a motion to dismiss the appeal as frivolous and to impose sanctions under Fed.R.App.P. 38.
 
 
 5
 Upon review, we conclude that summary judgment was proper because there exists no genuine issue of material fact and defendants are entitled to judgment as a matter of law. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Shavrnoch v. Clark Oil & Refining Corp., 726 F.2d 291, 293 (6th Cir.1984).
 
 
 6
 First, no genuine issue of material fact exists. A genuine issue is one which will affect the outcome of the suit under governing law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Contrary to Logsdon's arguments, the fate of the original appeal form is not material to his claim of a due process violation.
 
 
 7
 Defendants are entitled to judgment as a matter of law because Logsdon did not demonstrate a constitutional violation. The focus of our review is what process is due the prisoner who faces disciplinary charges. See, e.g., Beard v. Livesay, 798 F.2d 874, 879 (6th Cir.1986). As a minimum, a prisoner should receive written notice in advance of a hearing, be permitted to present evidence, and be provided with a written statement of the evidence on which a finding of guilt is based. Wolff v. McDonnell, 418 U.S. 539, 563-67 (1974). Moreover, due process requirements are satisfied if there is any evidence to support a finding of misconduct. Superintendent, Mass. Corr. Inst. v. Hill, 472 U.S. 445, 455-56 (1985).
 
 
 8
 Logsdon alleged that his appeal notice was mishandled and that the written findings were insufficient to support a finding of guilt. Defendants were entitled to judgment because Logsdon received prompt review of his appeal, albeit on alleged resubmission, and written findings that detailed the evidence on which the guilty finding was based. Logsdon received all the process due him.
 
 
 9
 His claim that defendants placed his life in danger is not supported by the record. He did not allege that he is an informant, that he has a reputation as an informant, or that he has been threatened or harmed by others who believe that he is an informant. Insofar as his allegations only addressed defendants' motives, the district court did not err by failing to address his concerns.
 
 
 10
 Additionally, claims against defendant Robinson were properly dismissed because Logsdon failed to allege any conduct by Robinson which resulted in the loss of protected rights. See Flagg Bros., Inc. v. Brooks, 436 U.S. 149, 155-57 (1978). Claims against Jones and Wellman were properly dismissed as frivolous within the meaning of 28 U.S.C. Sec. 1915(d). See Neitzke v. Williams, 109 S.Ct. 1827, 1833 (1989).
 
 
 11
 As a final matter, Jones and Wellman have filed a motion to dismiss the appeal as frivolous and to impose sanctions under Fed.R.App.P. 38. Review of the court's records show that Logsdon, a pro se plaintiff, is not an abusive or prolific litigator. Importantly, while Logsdon's appeal is ultimately unsuccessful, it is not "wholly frivolous, unreasonable or unfounded" so that sanctions would be warranted. See Wrenn v. Gould, 808 F.2d 493, 505 (6th Cir.1987), cert. denied, 484 U.S. 1067 (1988).
 
 
 12
 Accordingly, the motion for sanctions under Fed.R.App.P. 38 is hereby denied. The request for appointed counsel is denied and the district court's judgment is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.